IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CNR OPERATIONS, LLC and | § | |
| CESWD 1, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-cv-02432-C |
| | § | |
| HBC WHITEWATER, LLC, | § | |
| HBC WATER RESOURCES, LP, | § | |
| KENT MCNELLIE, SCOTT STABLER, | § | |
| BEN R. DOUD, PETER BRODSKY, | § | |
| JOE COLONNETTA, PETER BENZ | § | |
| and JERRY BANTA, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS CNR OPERATIONS, LLC'S AND CESWD 1, LLC'S BRIEF IN SUPPORT OF MOTION TO ABSTAIN AND REMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COME NOW CNR Operations, LLC ("CNR") and CESWD 1, LLC ("CESWD" and collectively with CNR, "Plaintiffs") and file their Brief in Support of Motion to Abstain and Remand. In support of the foregoing, Plaintiffs would respectfully show the Court as follows:

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

I. SUMMARY ................................................................................................................ 1

II. PROCEDURAL BACKGROUND OF REMOVAL .................................................. 1

III. ARGUMENTS & AUTHORITIES……………………

    A.  STANDARD OF REVIEW ...................................................................... 3

    B.  FEDERAL BANKRUPTCY JURISDICTION ................................... 5

    C.  MANDATORY ABSTENTION .............................................................. 7

    D.  PERMISSIVE ABSTENTION/REMAND .......................................... 11

    E.  TIMING WITH MOTION TO TRANSFER VENUE ....................... 16

IV. CONCLUSION AND PRAYER ............................................................................. 18

SIGNATURE .............................................................................................................. 18

CERTIFICATE OF CONFERENCE ......................................................................... 18

CERTIFICATE OF SERVICE ................................................................................... 18

## TABLE OF AUTHORITIES

**CASES**

*Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000) ..............................................3

*Auto. Fin. Corp. v. Ray Huffines Chevrolet, Inc.*
*(In re Parkway Sales & Leasing, Inc.)*, 411 B.R. 337 (Bankr. E.D. Tex. 2009) ...........................15

*Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) .....................................3

*Browning v. Navarro*, 743 F.2d 1069 (5th Cir. 1984). ...................................................12

*Brownsberger v. Delchamps, Inc.*, 48 F. App'x 480 (5th Cir. 2002) ...............................9

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994) ..............................................4

*Carter v. H2R Rest. Holdings, LLC*, No. 3:16-CV-1554-N-BN, 2017 WL 3704688 (N.D. Tex.
July 20, 2017), *report and recommendation adopted*, No. 3:16-CV-1554-N-BN, 2017 WL
3700908 (N.D. Tex. Aug. 25, 2017) ........................................................................10

*Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362 (5th Cir. 1995) .....................3

*Celotex Corp. v. Edwards*, 514 U.S. 300 (1995) ............................................................5

*Channel Bell Assocs. v. W.R. Grace & Co.*, No. 91 CIV. 5485 (PKL), 1992 WL 232085
(S.D.N.Y. Aug. 31, 1992) .......................................................................................8

*Coleman v. Dretke*, 409 F.3d 665 (5th Cir. 2005) (per curiam) ..................................10

*Curtis v. Loether*, 415 U.S. 180 (1974) (rev'd on other grounds) .................................15

*De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995) ................................................3

*Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co.*, 130 B.R. 405 (S.D.N.Y. 1991) ...........16

*Flores v. Baldwin*, No. 3:01-CV-2873-P, 2002 U.S. Dist. LEXIS 9539
(May 28, 2002) ......................................................................................................14

*Frelin v. Oakwood Homes Corp.*, 292 B.R. 369 (Bankr. E.D. Ark. 2003) ..........................16, 17

*In Matter of Galaz*, 665 F. App'x 372 (5th Cir. 2016) ...................................................6

*In re Bass*, 171 F.3d 1016 (5th Cir. 1999) .................................................................5

*In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184 (7th Cir. 1993) ..................12

*In re Delta Petroleum Corp.*, No. 11-14006, 2013 WL 3866485
(Bankr. E.D. Tex. July 24, 2013) ................................................................16

*In re Engra, Inc.,* 86 B.R. 890 (Bankr. S.D. Tex. 1988) ................................................12

*In re EOTL Sys. Inc.*, No. 03- 31017-BJH-7, 2004 Bankr. LEXIS 14 (Bankr. N.D. Tex. Jan. 12, 2004) ................................................................................................................14

*In re Ferretti Const., Inc.***,** 208 B.R. 396 (Bankr. S.D. Tex. 1995) ................................12

*In re Fort Worth Osteopathic Hosp., Inc.*, 406 B.R. 741 (Bankr. N.D. Tex. 2009) ......................8

*In re Gober,* 100 F.3d 1195 (5th Cir. 1996) ................................................11, 14

*In re Hoffman,* 248 B.R. 79 (Bankr. W.D. Tex. 2000) ................................................12

*In re House2Home, Inc.*, Adv. No. 02-3322-RCM, 2002 Bankr. LEXIS 962
(Bankr. N.D. Tex. Sept. 9, 2002) ................................................................15

*In re Jensen*, 946 F.2d. 369 (5th Cir. 1991) ................................................15

*In re Johnson,* Bankr. No. 11-60822-CAG, 2012 WL 1110342
(Bankr. W.D. Tex. Apr. 2, 2012) ................................................................12

*In re Midgard Corp.*, 204 B.R. 764 (10th Cir. B.A.P. 1997) ................................................7

*In re Rosales*, No. 12-30590-RBK, 2012 WL 4343701 (Bankr. W.D. Tex. Sept. 21, 2012) ...........
................................................................................................4, 8, 14

*In re Rupp & Bowman Co.*, 109 F.3d 237 (5th Cir. 1997) ................................................7

*In re Taub*, 413 B.R. 81 (Bankr. E.D.N.Y. 2009) ................................................7

*Jaso v. The Coca Cola Co.*, 435 Fed. App'x 346 (5th Cir. Aug. 1, 2011) ................................10

*Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453 (5th Cir. 2005) ................................10

*Kaye v. Lone Star Fund v. (U.S.), L.P.*, 453 B.R. 645 (N.D. Tex. 2011) ................................10

*Lee v. Miller*, 263 B.R. 757, 763 (S.D. Miss. 2001) ................................................13

*Maersk, Inc. v. Neewra, Inc.*, 687 F. Supp. 2d 300 (S.D.N.Y. 2009) ................................15

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002) ................................3

*Mattingly v. Newport Offshore, Ltd.*, 57 B.R. 797 (D.R.I. 1986) ................................16

iv

*Meyers v. Textron, Inc.*, 540 Fed. App'x 408 (5th Cir. 2013) .......................................................10

*Miller v. Diamond Shamrock Co*., 275 F.3d 414 (5th Cir. 2001) .....................................................3

*Mirant Corp. v. The Southern Co*., 337 B.R. 107 (N.D. Tex. 2006) ............................................15

*Orix Fin. Corp. v. Nexbank, SSB*, No. CIV A 308-CV-0550-B, 2008 WL 2796069 (N.D. Tex. July 15, 2008).................................................................................................................16, 17

*Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984) ....................................................................6

*Patterson v. Morris,* 337 B.R. 82 (E.D. La. 2006).........................................................................8

*Performance Interconnect Corp.*, Bankr. No. 06-34482-BJH-7, 2007 WL 2088281 (Bankr. N.D. Tex. July 19, 2007) ................................................................................................4, 8, 14

*Regal Row Fina, Inc. v. Washington Mut. Bank.*, No. Civ. A. 304-CV-1033, 2004 WL 2826817 (N.D. Tex. 2004).......................................................................................................11, 13, 14

*Ret. Sys. of Ala. v. J.P. Morgan Chase & Co*., 285 B.R. 519 (M.D. Ala. 2002)...........................................................................................................3

*SB Int'l, Inc. v. P.R. Jindal*, No. 3:06–cv–1174–G, 2007 U.S. Dist. LEXIS 34999, 2007 WL 1411042 (N.D. Tex. May 14, 2007)..........................................................................................10

*Schmidt v. Nordlicht*, No: H-16-3614, 2017 WL 526017 (S.D. Tex. Feb. 9, 2017) ...................10

*Smith v. Wal–Mart Stores Inc*., 305 F. Supp. 2d 652 (S.D. Miss. 2003) .....................................4, 8

*Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925 (5th Cir. 1999)...............................4, 8, 9

*Stern v. Marshall*, 564 U.S. 462 (2011).......................................................................................15

*Wood v. Wood (In re Wood),* 825 F.2d 90 (5th Cir. 1987) ...........................................................6

## STATUTES

11 U.S.C. § 327.............................................................................................................................5, 6

28 U.S.C. § 158(d) ...................................................................................................................4, 7, 13

28 U.S.C. § 157(b)(2)(A)................................................................................................................3

28 U.S.C. § 157(b)(2)(H)................................................................................................................3

28 U.S.C. § 157(b)(2)(O)................................................................................................................3

28 U.S.C. § 1254 .................................................................................4, 7, 13

28 U.S.C. § 1291 .................................................................................4, 7, 13

28 U.S.C. § 1292 .................................................................................4, 7, 13

28 U.S.C. § 1334(a) ................................................................................5, 6

28 U.S.C. § 1334(b) ................................................................................2, 5

28 U.S.C. § 1334(c) ...............................................................................8, 13

28 U.S.C. § 1334(c)(1) .....................................................................11, 13, 14

28 U.S.C. § 1334(c)(2) .............................................................................7, 8

28 U.S.C. § 1334(d) ...........................................................................4, 7, 17

28 U.S.C. § 1334(e) ...............................................................................2, 5, 6

28 U.S.C. § 1334(e)(1) .................................................................................5

28 U.S.C. § 1334(e)(2) .................................................................................5

28 U.S.C. § 1446(b) .....................................................................................8

28 U.S.C. § 1447(c) .....................................................................................8

28 U.S.C. § 1452(a) ................................................................................2, 5

28 U.S.C. § 1452(b) .......................................................................4, 12, 13, 17

**RULES**

FED. R. BANKR. P. 9006(b) ..........................................................................8

FED. R. BANKR. P. 9027(a)(2) ......................................................................8

FED. R. BANKR. P. 9027(d) .......................................................................8, 13

FED. R. BANKR. P. 9027(e)(2) .....................................................................13

FED. R. EVID. 201(a) ..................................................................................10

**OTHER AUTHORITIES**

*1 William L. Norton, Jr., Norton Bankruptcy Law and Practice 3d* § 4:30 (1994) ........................6

*1 William L. Norton, Jr., Norton Bankruptcy Law and Practice 3d* § 4:38 (1994) ........................6

*Collier on Bankruptcy* ¶ 3.01[c][iii] (15th ed. 2005) ......................................................................6

*Collier on Bankruptcy* ¶ 3.01[c][v] (15th ed. 2005) ........................................................................6

## I. SUMMARY

1.      This lawsuit was removed under the bankruptcy removal statute due to alleged bankruptcy jurisdiction.  The Removing Defendants (defined herein) claim that this lawsuit falls under "core" bankruptcy jurisdiction because the lawsuit involves claims arising under the bankruptcy code or claims that exclusively only arise in connection with bankruptcy cases.

2.      In reality, this is a lawsuit for damages based upon state law tort claims and the referenced Bankruptcy Debtors (defined herein) are not even parties to this lawsuit.  To the extent that this Court can even exercise mere bankruptcy "non-core" jurisdiction over this lawsuit—which is a stretch given that the referenced Bankruptcy Debtors are not parties to this lawsuit—this Court should abstain from this non-debtor dispute and remand the lawsuit back to the 101st Judicial District Court of Dallas County under principles of mandatory abstention, permissive abstention, and/or equitable remand.

## II. PROCEDURAL BACKGROUND OF REMOVAL

3.      On July 30, 2018, CNR and CESWD filed Plaintiffs' Original Petition & Preservation of Potential Defenses against the above-captioned nine (9) defendants (the "Defendants") in the case styled *CNR Operations, LLC, et al. v. HBC Whitewater, LLC, et al.*, No. DC-18-09957, in the 101st Judicial District Court of Dallas County, Texas (the "State Court Lawsuit").  App. pp. 002-024.  The claims in the State Court Lawsuit are purely state law claims between non-debtor parties for breach of contract, fraud, breach of fiduciary duty, conspiracy to defraud, tortious interference, and preservation of potential defenses of any claims that Plaintiffs may choose to assert against Defendants in the HBC Litigation (as defined herein).

1

4.      On September 12, 2018, four (4) of the Defendants (HBC Whitewater, LLC, Kent McNellie, Peter Brodsky, and Joe Colonnetta) (hereinafter, the "Removing Defendants") filed a Notice of Removal of Case Pending in State Court (hereinafter, the "Notice of Removal") with this Court, which instituted this federal court proceeding.  [Doc. No. 1].  The legal basis cited for jurisdiction and removal in the Notice of Removal is federal bankruptcy jurisdiction under 28 U.S.C. § 1334(b) and (e) and the bankruptcy removal statute 28 U.S.C. § 1452(a).

5.      Factually, the Removing Defendants refer to the bankruptcy cases of non-parties Whitewater/Evergreen Operations, LLC ("WEO"), SWD, LLC ("SWD"), PH Grinders, LLC ("PH Grinders"), and EFSWD 1, LLC, ("EFSWD") (collectively as, the "Bankruptcy Debtors" or "Colorado Bankruptcy Debtors"), pending before the United States Bankruptcy Court for the District of Colorado, Case Nos. 18-14535-KHT, 18-14537-KHT, 18-14696-KHT, and 18-14542-KHT, respectively, which are all being jointly administered under Case No. 18-14535-KHT (hereinafter collectively referred to as, the "Colorado Bankruptcy Cases").  Additionally, the Removing Defendants refer to the prior state court lawsuit that HBC Whitewater, LLC initially commenced in Dallas District Court, Cause No. DC-18-02224, which was later removed by certain parties not present in this proceeding—and is allegedly related to the Colorado Bankruptcy Cases—to the Northern District of Texas, Cause No. 3:18-cv-01495-B, and later transferred to Colorado District Court, and thus, is presently pending as an adversary proceeding in the United States Bankruptcy Court for the District of Colorado, Cause No. 18-01237-KHT (referred to herein as, the "HBC Litigation").

6.    Without explanation, the Removing Defendants allege in the Notice of Removal that the claims in the instant State Court Lawsuit "are core proceedings over which the bankruptcy court has jurisdiction, as the claims relate to matters concerning the determination, avoidance, and recovery of fraudulent conveyances, the administration of the Debtors' estates, and the collection of funds for the benefit of all creditors. 28 U.S.C. §157(b)(2)(A),(H), and (O)." [Doc. No. 1, ¶ 20].

7.    Following removal, the Removing Defendants filed a Motion to Dismiss or, in the Alternative, for a More Definite Statement or, in the Alternative, Motion to Transfer requesting for this Court to, among other things, transfer venue of this lawsuit to the federal district court in Colorado. [Doc. No. 3].

### III. ARGUMENTS & AUTHORITIES

### A. STANDARD OF REVIEW

8.    Federal jurisdiction is limited, and the party invoking removal jurisdiction has the burden of establishing federal jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co*., 275 F.3d 414, 417 (5th Cir. 2001); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995).

9.    The Fifth Circuit has adopted a rule of narrow construction with respect to removal statutes and indicated a preference for remand. *Manguno*, 276 F.3d at 723; *Breuer v. Jim's Concrete of Brevard, Inc*., 538 U.S. 691, 697-98 (2003).  It has been stated that the removal statutes are to be strictly construed in favor of remand because removal deprives the state court of a case properly before it, implicating important federalism concerns. *Acuna v. Brown & Root, Inc*., 200 F.3d 335, 339 (5th Cir. 2000); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). Remand should be granted unless federal jurisdiction is absolutely clear. *See Retirement Sys. of Ala. v. J.P. Morgan Chase & Co*., 285 B.R. 519, 521

3

(M.D. Ala. 2002) (citing *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1095 (11th Cir. 1994)).

10.     With respect to abstention and remand, this Court has complete discretion to abstain or grant remand. A court may *sua sponte* decide to remand a removed suit or abstain from hearing a suit if it concludes that bankruptcy remand or abstention is appropriate. *In re Rosales*, No. 12-30590-RBK, 2012 WL 4343701, at *3 (Bankr. W.D. Tex. Sept. 21, 2012) (citing *Performance Interconnect Corp.*, 2007 WL 2088281, at *3 (Bankr. N.D. Tex. July 19, 2007) (citing *In re Southmark Corp*., 163 F.3d 925, 929 (5th Cir. 1999); *Smith v. Wal–Mart Stores Inc*., 305 F. Supp. 2d 652, 658 n.9 (S.D. Miss. 2003)).

11.     A court's decision on mandatory or permissive abstention is not reviewable by appeal under 28 U.S.C. § 1334(d) unless it is a decision not to abstain under mandatory abstention. "Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy."  28 U.S.C. § 1334(d). An order remanding is likewise not reviewable pursuant to 28 U.S.C. § 1452(b). "An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title." 28 U.S.C. § 1452(b).

## B. FEDERAL BANKRUPTCY JURISDICTION

12.     Federal Jurisdiction pursuant to 28 U.S.C. §1452 provides the circumstances under which claims related to a bankruptcy case may be removed from state to federal court. Under section 1452(a), a case may be removed if the district court "has jurisdiction of such claim or cause of action under" 28 U.S.C. § 1334.

13.     Section 1334 provides the basis for a district court's jurisdiction in bankruptcy cases, and provides in relevant part as follows:

> (a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11 . . .
>
> (e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—
>
> > (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and
> >
> > (2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.

14.     Thus, section 1334(a) provides the district court with original and exclusive jurisdiction over all bankruptcy cases under Title 11 of the United States Bankruptcy Code ("Title 11"). Section 1334(b) provides the district court with original—but not exclusive— jurisdiction over: (i) proceedings "arising under" Title 11; (ii) proceedings "arising in" a case under Title 11; and (iii) proceedings "related to" a case under Title 11. *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999) (*quoting Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995)). Section 1334(e) provides the district court with exclusive *in rem* jurisdiction over the property of a bankruptcy debtor and claims related to section 327.

15.     The State Court Lawsuit is not part of the main bankruptcy case of the Colorado Bankruptcy Debtors, thus section 1334(a) does not apply. Likewise, the State Court Lawsuit is not dealing with *in rem* jurisdiction over property of the Colorado Bankruptcy Debtors or claims under section 327, thus section 1334(e) does not apply either.

16.     Consequently, the only arguable bases for bankruptcy jurisdiction over the State Court Lawsuit are "core" bankruptcy jurisdiction as an "arising under" or "arising in" proceeding, or "non-core" bankruptcy jurisdiction as a "related to" proceeding. Proceedings "arise under" Title 11 if they involve a "cause of action created or determined by a statutory provision of the Bankruptcy Code." *1 William L. Norton, Jr., Norton Bankruptcy Law & Practice 3d* § 4:38 at 4-230 (1994); *see Wood v. Wood (In re Wood)*, 825 F.2d 90, 96-97 (5th Cir. 1987).  *See generally Collier on Bankruptcy* ¶ 3.01[c][iii] at 3-26 (15th ed. 2005). "Proceedings 'arising in' a bankruptcy case 'are those that are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy.'" *Norton,* § 4:30 at 4-231 (quoting *In re Wood,* 825 F.2d at 96-97); *see also generally Collier,* ¶ 3.01[c][v] at 3-32. There is no basis to claim that the state law causes of action in the State Court Lawsuit arise under Title 11, or would have no existence outside of bankruptcy because the claims are purely state law claims between non-debtor defendants and non-debtor plaintiffs.  Accordingly, the State Court Lawsuit is not a "core" matter that either "arises under" the bankruptcy code or exclusively "arises in" a bankruptcy case.

17.     As a result, the only arguable basis for jurisdiction is "related-to" bankruptcy jurisdiction.  A matter is related to a bankruptcy proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In Matter of Galaz*, 665 F. App'x 372, 375 (5th Cir. 2016) (*citing Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).  That being the case, at present, it is not necessary for this Court to determine

whether or not the State Court Lawsuit is a "related-to" proceeding.[1]  Instead, for purposes of the

instant motion, the Court need only find that the State Court Litigation is at most "related to" and

therefore "non-core."

### C. MANDATORY ABSTENTION

18.     Pursuant to 28 U.S.C. § 1334(c)(2) and (d):

> (c)(2) Upon timely motion of a party in a proceeding based upon a State law
> claim or State law cause of action, related to a case under title 11 but not arising
> under title 11 or arising in a case under title 11, with respect to which an action
> could not have been commenced in a court of the United States absent jurisdiction
> under this section, the district court shall abstain from hearing such proceeding if
> an action is commenced, and can be timely adjudicated, in a State forum of
> appropriate jurisdiction.

> (d) Any decision to abstain or not to abstain made under subsection (c) (other than
> a decision not to abstain in a proceeding described in subsection (c)(2)) is not
> reviewable by appeal or otherwise by the court of appeals under section 158(d),
> 1291, or 1292 of this title or by the Supreme Court of the United States under
> section 1254 of this title. Subsection (c) and this subsection shall not be construed
> to limit the applicability of the stay provided for by section 362 of title 11, United
> States Code, as such section applies to an action affecting the property of the
> estate in bankruptcy.

19.     Mandatory abstention requires the Bankruptcy Court to abstain over any

proceedings where:

> (1) the claim or cause of action is based upon state law; (2) the claim or cause of
> action is a non-core proceeding; (3) the action could not have been commenced in
> federal court absent Section 1334 jurisdiction; (4) the action has been commenced
> in state court; and (5) the action can be timely adjudicated in state court. *See* 28
> U.S.C. § 1334(c)(2); *In re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir.
> 1997); *In re Midgard Corp.*, 204 B.R. 764, 778-79 (10th Cir. B.A.P. 1997).

20.     Section 1334(c)(2) does not define a "timely" motion to abstain. As several courts

have noted, "[c]ourts have generally adopted a flexible, case-specific approach in determining

whether a motion for mandatory abstention is 'timely.'"  *In re Taub*, 413 B.R. 81, 88 (Bankr.

---

[1] CNR and CESWD reserve all arguments that the outcome of the State Court Lawsuit could not possibly have such
an outcome on the Colorado Bankruptcy Debtors to render the proceeding a "related to" proceeding, and thus,
reserve all rights to contest "related to" subject matter jurisdiction and in no way concede same by the filing of the
instant motion.

E.D.N.Y. 2009) (citing *Channel Bell Assocs. v. W.R. Grace & Co.*, No. 91 CIV. 5485 (PKL), 1992 WL 232085, at *5 (S.D.N.Y. 1992). *See also In re Fort Worth Osteopathic Hosp., Inc.*, 406 B.R. 741, 747 n.8 (Bankr. N.D. Tex. 2009) ("Although the standard governing consideration of a motion to remand under 28 U.S.C. 1447(c) and a motion to abstain under 28 U.S.C. 1334(c) are similar, see *Patterson v. Morris,* 337 B.R. 82, 96–97 (E.D. La. 2006), the deadline to file a motion to abstain is governed by 28 U.S.C. § 1334(c)(2) which states that any motion to abstain must be made 'timely.' Additionally, FED. R. BANKR. P. 9027(d) establishes no time limit for seeking remand of a removed action. Moreover, the time for removal under Rule 9027(a)(2) is considerably longer than is the time for removal under 28 U.S.C. § 1446(b) (and is subject to enlargement under FED. R. BANKR. P. 9006(b)), raising questions for the court as to the appropriateness of applying the 30-day limit of 28 U.S.C. § 1447(c).  Finally, the Motion is based on questions of jurisdiction and so is arguably timely under section 1447(c). Thus, for the purposes of the case at bar, the court considers the Motion timely.").  Moreover, a court may, *sua sponte*, decide to remand a removed suit or abstain from hearing a suit if it concludes that remand or abstention is appropriate.  *In re Rosales*, 2012 WL 4343701, at *3 (citing *Performance Interconnect*, 2007 WL 2088281, at *3 (citing *In re Southmark Corp.*, 163 F.3d 925, 929 (5th Cir. 1999); *Smith v. Wal–Mart Stores Inc.*, 305 F. Supp. 2d 652, 658 n.9 (S.D. Miss. 2003)).

21.     Here, the request to abstain is timely and all elements of mandatory abstention are met.  As to the timing, no substantive progress has been made in this lawsuit since it was removed to this Court:  this Court has not issued a scheduling order, and no discovery or other pre-trial proceedings have occurred.

22.     With respect to the elements of mandatory abstention, all of the claims in the State Court Lawsuit are clearly premised upon state law, and the claims between the non-debtor plaintiffs and non-debtor defendants are at most "non-core," as discussed above.

23.     With respect to the element "the action has been commenced in state court," this element is satisfied in this case because the State Court Lawsuit was removed to this Court, and the Fifth Circuit has adopted the majority view that mandatory abstention applies to removed proceedings, even though the proceeding is no longer pending in state court following removal. *See Brownsberger v. Delchamps, Inc*., 48 F. App'x 480 (5th Cir. 2002) (*citing Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 929 (5th Cir. 1999)).

24.     The element of whether "the action could not have been commenced in federal court absent Section 1334 jurisdiction" is also satisfied. The State Court Lawsuit raises no federal questions and there is not complete diversity of parties. App. pp. 002-024.

25.     Last, this action can be timely adjudicated in state court. App. pp. 027-028, p. 039. For instance, Exhibits 1-3 attached to the Hoge Declaration are printouts from the government website of the Texas Office of Court Administration, which is a state agency in the Judicial Branch that operates under the direction and supervision of the Supreme Court of Texas as well as the Chief Justice.  App. p. 034.  Contained therein are statistics and analyses of court information and case activity from approximately 2,800 Texas courts. App. pp. 034-046. As demonstrated therein, for Dallas County district courts, through the dates of January 1, 2017 to August 31, 2018, the age of civil cases disposed of are as follows:  (1) thirty-five percent (35%) of the cases were disposed of in (3) three months or less; (2) nineteen percent (19%) of the cases were disposed of in less than  six (6) months; (3) twenty-three percent (23%) of the cases were disposed of in less than twelve (12) months; and (4) merely ten percent (10%) of cases were

disposed of in more than eighteen (18) months. App. p. 039.[2]  Accordingly, there is no reasonable basis to believe that the State Court Lawsuit will not be timely adjudicated. *See Schmidt v. Nordlicht*, No:  H-16-3614, 2017 WL 526017, at *4 (S.D. Tex. Feb. 9, 2017) ("The argument that the action cannot be timely adjudicated in state court is meritless.  There is no realistic reason to believe that the Texas court from which this action was removed would fail to address this litigation on a reasonably timely basis, which is all that is required.").

26.     Further, there is no unusual backlog with the calendar for the 101st District Court of Dallas County calendar and it is possible to have a trial date in state court within a year.  App. pp. 027-028, 039.  In addition, a brief review of the pending adversary proceedings in the United States Bankruptcy Court for the District of Colorado shows several lawsuits pending for over one year without disposition or even a trial date in some cases.[3]  Third, the claims in the State Court Lawsuit are relatively common state law tort claims that a state court customarily handles.  Last,

---

[2] The documents attached to the Declaration of Brandy N. Hoge in Support of Plaintiffs' Motion to Abstain and Remand (hereinafter, the "Hoge Declaration") as Exhibits 1-3 are properly authenticated through the Hoge Declaration and are authenticated because they are printouts from an official government website. *See Carter v. H2R Rest. Holdings, LLC*, No. 3:16-CV-1554-N-BN, 2017 WL 3704688, at *4 (N.D. Tex. July 20, 2017), *report and recommendation adopted*, No. 3:16-CV-1554-N-BN, 2017 WL 3700908 (N.D. Tex. Aug. 25, 2017) ("Exhibit D is also authenticated on based upon its distinctive characteristics. Exhibit D is a printout from an official government website, which Ms. Carter asks the Court to take judicial notice of. There is nothing about the document's appearance that suggests it is a forgery. It is authenticated on that basis."). Finally, Plaintiffs request that the court take judicial notice of the facts contained in the documents attached to the Hoge Declaration as Exhibits 1-3. FED. R. EVID. 201 allows courts to take judicial notice of fact that "is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction or because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questions." FED R. EVID. 201(a)-(c).  The Fifth Circuit has determined that courts may take judicial notice of governmental websites. *See Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of approval by the National Mediation Board published on the agency's website); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (taking judicial notice of Texas agency's website); *Jaso v. The Coca Cola Co.*, 435 Fed. App'x 346, 354 n.5 (5th Cir. Aug. 1, 2011) (noting that the Court of Appeals has, "in the past taken judicial notice of information posted on a government website").

[3] *See, e.g.*, Adversary Proceeding Number 17-01342-EEB (filed 8/16/17 with no trial date currently scheduled); Adversary Proceeding Number 17-01192-TBM (filed 5/5/17, still addressing summary judgments with no trial date currently scheduled); Adversary Proceeding Number 17-01191-TBM (filed 5/5/17 with no trial date currently scheduled); Adversary Proceeding Number 17-01078-KHT (2 party case filed on 3/16/17, judgment entered 9/21/08.  The "court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings." *Kaye v. Lone Star Fund v. (U.S.), L.P.*, 453 B.R. 645, 664–65 (N.D. Tex. 2011) (*quoting SB Int'l, Inc. v. P.R. Jindal*, No. 3:06–cv–1174–G, 2007 U.S. Dist. LEXIS 34999, 2007 WL 1411042 (N.D. Tex. May 14, 2007)). *See also Meyers v. Textron, Inc.*, 540 Fed. App'x 408, 410 (5th Cir. 2013).

there is no reason to believe that allowing the State Court Lawsuit to proceed in state court will prolong the administration of the Bankruptcy Cases for two reasons: (1) the evidence shows a similar time to trial in state court and the Colorado bankruptcy court; and (2) the Colorado Bankruptcy Debtors are not parties to the State Court Lawsuit, and the adjudication of these claims between non-debtor parties will not impede the financial restructuring of the Colorado Bankruptcy Debtors.

27.     For these reasons, the Court should find that mandatory abstention applies to the State Court Lawsuit.

### D. PERMISSIVE ABSTENTION/REMAND

28.     Permissive abstention is available in core and non-core proceedings. *Gober v. Terra + Corporation (In re Gober)*, 100 F.3d 1195, 1206-07 (5th Cir. 1996) ("A court, however, may abstain at its discretion from deciding either core or non-core proceedings under § 1334(c)(1) if the interests of justice, comity, or respect for state law so require."); *Regal Row Fina, Inv. v. Washington Mutual Bank*, No. 3:04-CV-1033, 2004 WL 2826817, at *8 (N.D. Tex. Dec. 9, 2004). Section 1334(c)(1) authorizes abstention, as Plaintiffs request herein, in the interests of justice. *Id.*; *Regal Row*, 2004 WL 2826817, at *8.

29.     Permissive Abstention is governed by 28 U.S.C. § 1334(c)(1):

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

30.     When determining whether to exercise discretionary abstention and equitable remand, there are (14) fourteen factors that a court must consider and balance. *Regal Row*, 2004 WL 2826817, at *8-9.

31.     Permissive Abstention is based upon a non-exclusive set of factors:

(1) the effect or lack thereof on the efficient administration of the estate if the court decides to remand or abstain;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficult or unsettled nature of applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy proceeding;

(5) the jurisdictional basis, if any, other than § 1334;

(6) the degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the court's docket;

(10)   the likelihood that the commencement of the proceeding in the bankruptcy court involves forum shopping by one of the parties;

(11)   the existence of a right to a jury trial;

(12)   the presence in the proceeding of non-debtor parties;

(13)   comity; and

(14)   the possibility of prejudice to other parties in the action.

*Browning v. Navarro*, 743 F.2d 1069, 1077 n.21 (5th Cir. 1984) (analyzing the predecessor to § 1452); *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co*., 6 F.3d 1184, 1189 (7th Cir. 1993).

Additionally, the presence of several factors of Mandatory Abstention ***strongly*** suggests that Permissive Abstention is appropriate. *In re Ferretti Const., Inc.***,** 208 B.R. 396, 398 (Bankr. S.D. Tex. 1995) (citing *In re Engra, Inc.,* 86 B.R. 890 (Bankr. S.D. Tex. 1988)). Courts have broad discretion to remand or dismiss a suit on equitable grounds under 28 U.S.C. § 1452(b).  *See In re Johnson,* No. 11-60822-CAG, 2012 WL 1110342, at *4 (Bankr. W.D. Tex. April 2, 2012); *In re Hoffman,* 248 B.R. 79, 90 (Bankr. W.D. Tex. 2000) (citing *Browning v. Navarro,* 743 F.2d 1069, 1077 n.21 (5th Cir. 1994)).

32.     Equitable remand is governed by 28 U.S.C. § 1452(b):

> The court to which such claim or cause of action is removed may
> remand such claim or cause of action on any equitable ground. An
> order entered under this subsection remanding a claim or cause of
> action, or a decision to not remand, is not reviewable by appeal or
> otherwise by the court of appeals under section 158(d), 1291, or
> 1292 of this title or by the Supreme Court of the United States
> under section 1254 of this title.

Consequently, together, § 1452(b) and § 1334(c) evince a congressional policy that the trial of

state law created issues and rights should be permitted to proceed in state court, at least where

there is no basis for federal jurisdiction independent of § 1334 and the litigation can be timely

completed in state court. *Regal Row Fina,* 2004 WL 2826817, at *8; *Lee v. Miller*, 263 B.R.

757, 763 (S.D. Miss. 2001).

33.     Federal Rule of Bankruptcy Procedure 9027 governs removal and remand, and in

relevant part provides:

> (d) REMAND. A motion for remand of the removed claim or cause
> of action shall be governed by Rule 9014 and served on the parties
> to the removed claim or cause of action.
> . . . .
> (e)(2)  PROCEDURE AFTER REMOVAL.  The district court or, if the
> case under the Code has been referred to a bankruptcy judge of the
> district, the bankruptcy judge, may require the party filing the
> notice of removal to file with the clerk copies of all records and
> proceedings relating to the claim or cause of action in the court
> from which the claim or cause of action was removed.

Bankruptcy Rule 9027 does not provide an express deadline for filing a motion for remand, but

no substantive progress has been made in this lawsuit since it was removed to this Court, no

scheduling order has been entered, and no discovery or other pre-trial proceedings have

occurred.

34.     Courts generally look at the same factors in deciding whether "equitable remand"

is appropriate under 28 U.S.C. § 1452(b) and whether "permissive (discretionary) abstention" is

appropriate under 28 U.S.C. § 1334(c)(1).  Because the two statutes are similar in purpose, the same factors which are considered for permissive abstention also weigh in favor of or against equitable remand.  *See, e.g.*, *Regal Row Fina, Inc. v. Washington Mut. Bank,* No. Civ. A. 304-CV-1033, 2004 WL 2826817, *8 (N.D. Tex. 2004); *Performance Interconnect*, 2007 WL 2088281, at *4 (citing *In re Gober,* 100 F.3d 1195, 1206 (5th Cir. 1996)); *In re Rosales,* No. 12-30590-RBK, 2012 WL 4343701, at *4–7 (Bankr. W.D. Tex. Sept. 21, 2012).

35.    As to the equitable factors, first, this lawsuit will not interfere with the Colorado Bankruptcy Cases ongoing reorganization or liquidation because the Bankruptcy Debtors are not even parties to the State Court Lawsuit.  Second, all of the claims are based on state law. *In re EOTL Sys. Inc*., No. 03- 31017-BJH-7, 2004 Bankr. LEXIS 14, at *12-13 (Bankr. N.D. Tex. 2004) (remanding in part because Texas state law issue predominated the action), *see also Flores v. Baldwin*, No. 3:01-CV-2873-P, 2002 U.S. Dist. LEXIS 9539, at *19-21 (holding that where state law claims can be litigated in state court without substantial disruption of the bankruptcy estate, the matter should proceed in state court, irrespective of the legal issues presented).  Third, there are no bankruptcy or other federal claims of a difficult or unsettled nature that would benefit from the involvement of a bankruptcy or other federal court.  Fourth, this lawsuit was previously pending in state court.  Fifth, as discussed above in connection with mandatory abstention, there is no federal removal jurisdiction here other than section 1334.  Sixth, the litigation is not closely related to any ongoing issues or matters in the main bankruptcy case, and is, at best, an ancillary dispute for damages between non-debtor parties.  Seventh, there are no arguable "core" claims in the State Court Lawsuit.  Eighth, severance is not an issue because the State Court Lawsuit does not have any "core" claims and the Bankruptcy Debtors are not parties to this lawsuit.  Ninth, there is no compelling reason for this case to proceed in federal district court and burden the Court's docket.  Tenth, the existence of forum-shopping by the Removing

14

Defendants is present here due to their use of removal to attempt to move the lawsuit to an out-of-state court and to an entirely distinct state than the location of the majority of the parties and the venue Plaintiffs chose. Eleventh, the parties have a right to a jury trial on the subject fraud and related tort claims. *See In re House2Home, Inc*., Adv. No. 02-3322-RCM, 2002 Bankr. LEXIS 962, at \*25-29 (Bankr. N.D. Tex. 2002) (recommending remand in part, because plaintiff had a right to and had timely requested a jury trial). The right to a jury trial attaches to a breach of fiduciary duty claim. While generally claims for breach of fiduciary duty are within the exclusive jurisdiction of courts of equity when a legal remedy, such as monetary relief, is sought for breach of a fiduciary duty, the claim assumes legal attributes. *Mirant Corp. v. The Southern Co*., 337 B.R. 107, 120 (N.D. Tex. 2006); *In re Jensen*, 946 F.2d. 369, 372 (5th Cir. 1991) (quoting *Curtis v. Loether*, 415 U.S. 180, 196 n.11 (1974) (rev'd on other grounds)). Further, the right to a jury attaches to conspiracy claims. *See Auto. Fin. Corp. v. Ray Huffines Chevrolet, Inc. (In re Parkway Sales & Leasing, Inc.)*, 411 B.R. 337, 351 (Bankr. E.D. Tex 2009). Common-law fraud claims are also historically legal in nature. *Maersk, Inc. v. Neewra, Inc*., 687 F. Supp. 2d 300, 341 (S.D.N.Y. 2009). This is important because the Removing Defendants have requested this Court to transfer the lawsuit to Colorado, presumably to then be referred to the Colorado bankruptcy court, which will, in turn, trigger a host of *Stern* issues given the "non-core" nature of the claims and the right to a jury trial. *See generally, Stern v. Marshall*, 564 U.S. 462 (2011) (discussing limited power of bankruptcy court to enter final judgments on certain proceedings even involving debtors in bankruptcy). Twelfth, the entirety of the proceeding is focused upon non-debtor parties and claims and not on any matter implicating an on-going reorganization or liquidation. Thirteenth, principles of comity support this Court abstaining to allow the parties to proceed in state court given the absence of "core" bankruptcy jurisdiction, federal question, or diversity jurisdiction. With "respect to non-core proceedings such as this

(*i.e.*, cases which assert purely state law causes of action), the federal courts should not rush to usurp the traditional precincts of the state court." *Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 409 (S.D.N.Y. 1991) (*citing Mattingly v. Newport Offshore, Ltd.*, 57 B.R. 797, 799 (D. R.I. 1986)).  Last, the majority of the parties are in Texas, their counsel are in Texas, and moving the State Court Lawsuit out of state could prejudice the parties' ability to procure witnesses and other evidence.

36.     Out of the fourteen relevant factors, every factor supports abstention/remand. Accordingly, this Court should abstain and remand the State Court Lawsuit back to the 101st Judicial District Court of Dallas County, Texas.

## E. TIMING WITH MOTION TO TRANSFER VENUE

37.     The Removing Defendants have filed a Motion to Dismiss or, in the Alternative, for a More Definite Statement or, in the Alternative, Motion to Transfer requesting for this Court to, among other things, transfer venue of this lawsuit to the federal district court in Colorado. [Doc. No. 3].  A split of authority exists as to whether, generally, a court in this position should first rule on a request for abstention/remand or a request to transfer venue to the home bankruptcy court.   The Arkansas bankruptcy court in *Frelin v. Oakwood Homes Corp.*, thoroughly evaluated the two views and related case law, and ultimately ruled that the court should address abstention/remand first prior to transfer of venue.  292 B.R. 369, 379–80 (Bankr. E.D. Ark. 2003).  Two Texas courts have issued unpublished opinions on this issue and ruled differently.  *Compare In re Delta Petroleum Corp.*, No. 11-14006, 2013 WL 3866485, at *3 (Bankr. E.D. Tex. July 24, 2013) (ruling, "the inquiry as to *whether* federal judicial power should be exercised should precede any concern about *where* the exercise of that power, if valid, should occur.") (emphasis in original), *with Orix Fin. Corp. v. NexBank, SSB*, No. 3:08-CV-0550-B, 2008 WL 2796069, at *4 (N.D. Tex. July 15, 2008) (deciding to transfer venue rather than

entertain request to remand).

38.     CNR and CESWD request this Court to entertain abstention/remand first prior to transferring venue for two reasons.  First, mandatory abstention applies.  Mandatory abstention is compulsory and the only abstention/remand provision subject to appellate review, and more specifically only in cases where mandatory abstention is denied.  *See* 28 U.S.C. § 1334(d); 28 U.S.C. § 1452(b).  Moreover, the consideration of mandatory abstention here does not require a detailed knowledge of the allegedly related Colorado Bankruptcy Cases—the grounds are almost entirely apparent from the face of the State Court Lawsuit given that it clearly alleges only state law claims between non-debtor parties and was filed in state court.  *Orix Fin. Corp.*, 2008 WL 2796069, at *2-4 (discussing remand arguments based upon detailed interpretation of home bankruptcy court statements as justifying transferring venue to allow home bankruptcy court to conduct review).  For these reasons, this Court is well-positioned to rule on abstention/remand and does not need to defer to another court with more knowledge of the Colorado Bankruptcy Cases.

39.     Second, as discussed by the Court in *Frelin*, if this Court rules that it must transfer venue without first deciding abstention and remand, this Court would be converting the discretionary standard for transfer of venue under 28 U.S.C. § 1412 to a mandatory or automatic standard.  292 B.R. at 380.

40.     Third, the Removing Defendants have not merely sought to transfer venue in their Motion to Dismiss or, in the Alternative, for a More Definite Statement or, in the Alternative, Motion to Transfer.  [Doc No. 3].  Rather, they have requested this Court to give them affirmative relief under Rule 12(b) and have therefore submitted the State Court Lawsuit to this Court for facial review prior to transferring venue.

41.     Accordingly, Plaintiffs request this Court to rule first on the abstention and

remand request before considering the request to transfer venue.

## IV. CONCLUSION AND PRAYER

42.      CNR Operations, LLC and CESWD 1, LLC respectfully request the Court to enter an order abstaining from the State Court Lawsuit and remanding this lawsuit back to the 101st District Court of Dallas County, Texas, and such further relief, general or special, at law or in equity, to which CNR Operations, LLC and CESWD 1, LLC may be reasonably entitled.


Respectfully Submitted,


By:          /s/ Brian K. Norman
            **C. GREGORY SHAMOUN**
            State Bar No. 18089650
            g@snlegal.com
            **BRIAN K. NORMAN**
            State Bar No. 00797161
            bkn@snlegal.com
            **KEVIN C. MORAN**
            State Bar No. 24058006
            kmoran@snlegal.com
            **BRANDY N. HOGE**
            State Bar No. 24078675
            bhoge@snlegal.com

            SHAMOUN & NORMAN, LLP
            1800 Valley View Lane, Suite 200
            Farmers Branch, Texas  75234
            Telephone: (214) 987-1745
            Facsimile: (214) 521-9033

            **ATTORNEYS FOR PLAINTIFFS**
            **CNR OPERATIONS, LLC AND**
            **CESWD 1, LLC**

18

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on October 4, 2018, via electronic correspondence and/or telephonic communication, a conference was held pursuant to Local Rule 7.1(a) and (b)(2) with all parties affected by Plaintiffs' Motion, whereby counsel for Plaintiffs, the undersigned, attempted to reach resolution with all parties' counsel, including Mr. Stephen F. Malouf, Mr. Jay F. Madrid, Ms. Kara D. Grimes, and Mr. Richard L. Bufkin, and parties Scott Stabler and Peter Benz, without court intervention as to the matters raised in this Motion, and despite best efforts, counsel were unable to resolve the issues raised herein.

_/s/_ Brian K. Norman
BRIAN K. NORMAN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 4, 2018, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the CM/ECF System. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_/s/_ Brian K. Norman
BRIAN K. NORMAN

19